**Michael John LOPOS, Plaintiff,**

v.

**Elizabeth RUOCCO, et al., Defendants.**

**No. 3:98 CV 781 GLG.**

United States District Court,
D. Connecticut.

May 3, 2000.

Michael John Lopos, Meriden, CT, for plaintiff pro se.

Thomas N. Sullivan, Mark J. Sommaruga, Sullivan, Schoen, Campane & Connon, Hartford, CT, Nicole D. Dorman, Sack, Spector & Barrett, West Hartford, CT, for defendants.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Defendants move for judgment on the pleadings.[1] A similar motion was filed in 1998 and was granted by this Court. The plaintiff appealed. The judgment was vacated on the ground that the plaintiff proceeding *pro se* was "not given notice of the nature of summary judgment and the consequences of failing to respond to the motion for summary judgment with affidavits and other evidence." The action was remanded for further proceedings without considering the merits of this Court's earlier opinion. Indeed, from the record on appeal it appears that certain documents may not have been made part of the record on appeal in the Circuit Court.

The implication of the remand is that the plaintiff (a school teacher) not only did not understand the nature of the motion but also failed to respond to it. In fact, he had responded, serving some ten pages of objections and documents which were taken into account by the Court in its earlier opinion. However, while he sent this objection and documents to the Court, he apparently did not file this objection with the Clerk's Office so that it was not made part of the record on appeal. It does not appear that the defendants attempted to supplement the record by including these documents, although the defendants received copies of them. Be that as it may, we now have a new motion which includes a two-page notice[2] which conforms (or at-

---

1. While it is styled a motion for judgment on the pleadings, it is actually a motion for summary judgment since it contains matters outside the pleadings.

2. The notice also advised the plaintiff of his

tempts to conform) with the Second Circuit's ruling in *Vital v. Interfaith Medical Center*, 168 F.3d 615 (2d Cir.1999) (a case decided some months after the previous decision in this case).

Apparently in response to that notice, the plaintiff has made a very lengthy filing (perhaps fifty pages) containing many documents. Most of these documents are designed to show the plaintiff's qualifications for the position of teacher.[3] He also argues that he can produce witnesses disputing the credibility of the defendants and their purported attempt to "blackball" him. In addition, he has submitted separately a "claim for jury trial" in which he lists six persons whom he claims can produce evidence "that the Defendant's [sic] lied about the facts, and distorted the record" and that defendant Dr. Labas (the principal of the Maloney High School) "has a track record of lying" and that defendant Ruocco (the Superintendent of the Meriden schools) "did in fact retaliate, blackball and defame" the plaintiff. No affidavits are submitted from these proposed witnesses. More importantly, the subject matter on which they could purportedly testify does not support the plaintiff's claim that he was discriminated against because of his age, race, or sex.

■ As we have noted in our original decision, the successful applicant was of the same race and sex as the plaintiff. Plaintiff was somewhat older (and being over forty, he is in a protected class). As the Second Circuit has pointed out, anytime one candidate is chosen over another there are going to be differences between the candidates. *Fisher v. Vassar College*, 114 F.3d 1332, 1337 (2d Cir.1997) (en banc), *cert. denied*, 522 U.S. 1075, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998). The

existence of an age difference standing alone does not establish a *prima facie* case of discrimination. Otherwise every selection process could result in a discrimination claim.

■ The plaintiff clearly understands the procedural significance of these proceedings. Indeed, this was clear from his original objection to the motion for judgment on the pleadings. What he seems not to understand is that he is required to prove that discrimination against him, because of his race, gender or age, was the real reason for his not obtaining the position. Defendants have articulated non-discriminatory, neutral reasons for their decision not to hire plaintiff. Nothing that the plaintiff has offered in opposition to the defendants' motion even remotely establishes that these reasons were a pretext for discrimination or shows circumstances giving rise to an inference of such discrimination. *Fisher*, 114 F.3d at 1339; *Burger v. New York Institute of Technology*, 94 F.3d 830, 833 (2d Cir.1996).

Consequently, this Court adheres to its earlier decision (a copy of which is annexed herewith) and grants judgment in favor of defendants on plaintiff's federal discrimination claims. The Court declines to exercise its supplemental jurisdiction over plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3). Accordingly, defendants' motion is in all respects **GRANTED (Doc. No. 41)**, and the Clerk is directed to enter judgment in favor of the defendants.

#### Appendix

United States District Court

District of Connecticut

MICHAEL JOHN LOPOS, Plaintiff,

---

obligation under Local Rule 9(c) to include a short and concise statement of material facts as to which he contends there are genuine issues of fact and warning him that in the absence of such a statement the facts will be deemed admitted. He has not submitted such a response. However, in light of the Court of Appeals solicitude toward *pro se* litigants we

will assume that he is not bound by such requirements.

3. Defendants have not specifically claimed that the plaintiff was unqualified but rather have asserted that he was not the most qualified candidate.

against

ELIZABETH RUCCO, ET AL., Defendants.

## MEMORANDUM DECISION

3:98 CV 781 (GLG)

For Plaintiff:

Michael John Lopos, *Pro Se*

47 Akron Street

Meriden, CT. 06450

For Defendants:

Nicole D. Dorman, Esq.

Sack, Spector & Barrett,

836 Farmington Avenue

West Hartford, CT 06119

In this employment discrimination case the defendants move for summary judgment pursuant to Fed.R.Civ.P. 56(e).

Plaintiff was one of three applicants for a part-time teaching position with the Meriden Board of Education. He claims that he did not receive the position because of discrimination against him based on his age, race and sex. With respect to his age claim, he was barely within the protected group since he was and is over forty. With respect to race, he is white and the successful applicant was white. With respect to his sex claim, he is male and the successful applicant was male. His claim of age discrimination appears to rest solely upon hearsay statements of persons who were not involved in the hiring decision. He makes additional vague claims of retaliation, blacklisting and defamation which are inadequately pleaded.

The decision to hire someone other than the plaintiff was, according to the principal Gladys Labas, based upon the following:

(a) Mr. Lopos had no prior teaching experience; the other male applicant had experience as a teacher in a summer program and as a middle school tutor in an urban area similar to Meriden.

(b) Mr. Lopos had worked as a substitute teacher for 3–4 days from 1987 to 1995; the other male applicant had worked as a substitute for 70 days during 1996.

(c) Mr. Lopos presented a sample lesson plan which, in my opinion, was inadequate in that it was less than one page long, taken from a text written in the 1970's and showed little creativity, one of the qualifications specifically included in the notice of teaching vacancy. The other male applicant presented an extensive portfolio for his sample lesson plan. This portfolio thoroughly addressed instructional objectives and strategies, was creative and demonstrated a flexible approach to the task of teaching.

(d) Mr. Lopos was not familiar with the Connecticut Teachers' Competency examination or the Connecticut Competency Instrument; the other male applicant was knowledgeable and referred to both instruments in his discussion of the position of social studies teacher. Familiarity with these two instruments for assessing qualifications and competency is essential for teachers in this state since the accepted teaching techniques/approaches used in the Meriden Public Schools incorporate and rely upon the concepts of the CTC and CCI.

(e) The successful applicant's knowledge of technology and its uses in a social studies classroom was superior to that of Mr. Lopos.

Not surprisingly the plaintiff disagrees with this assessment of his qualifications. However, the issue is not whether he would have been a satisfactory employee but whether he was the superior employee but was not hired because of unlawful discrimination against him. In that regard he offers nothing of any evidentiary significance in opposing the motion. He states that there should be a trial so that he could subpoena "credible witnesses that will produce substantial, clear and convincing evidence that the defendants lied about the facts." He does not tell us who these witnesses are or what they would testify

to. His only other reference to evidence, besides his own testimony concerning his qualifications, is that "credible sources tell me that the male applicant Ms. Labas hired for the social studies position has not functioned at a satisfactory level and has proven to be ineffective as a high school teacher." Even assuming that a knowledgeable source would so testify, the testimony has limited if any relevance. The defendants made their selections based upon the resumes and interviews of the three applicants and did not have the opportunity to observe the applicant teaching. Moreover, even assuming the successful applicant has not turned out well, this does not establish that the plaintiff was illegally discriminated against in the employment selection.

The motion for summary judgment **(Doc. No. 17)** is **GRANTED.** The Clerk will enter judgment for the defendants.

October 6, 1998.

Gerald L. Goettel